THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GERALD E. LA PLANT,<br><br>Plaintiff,<br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. C14-1143-JCC<br><br>ORDER ON MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Plaintiff Gerald LaPlant's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. No. 31). Under § 406(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits.

LaPlant agreed to pay Counsel 25% of his past-due benefits if his Social Security appeal was successful. (Dkt. No. 31-4 at 1.) LaPlant received $86,949.00 in past-due benefits. (*See* Dkt. No. 31-1 at 1.) Accordingly, Counsel asks this Court to authorize an attorney fee of $21,737.25. (*Id.*)

The Commissioner agrees that an award of fees is appropriate but argues that the amount requested is not reasonable. (Dkt. No. 37 at 2.) As the Commissioner notes, after LaPlant filed his opening brief, the parties stipulated to a remand for further administrative proceedings. (Dkt. No. 23; *see also* Dkt. Nos. 25, 26.) Counsel thus incurred only 16 hours of attorney time and 2.3

hours of paralegal time. (*See* Dkt. No. 31-1 at 6.) The Commissioner argues that the resulting hourly fee—roughly $1,200.00—is unreasonable. (Dkt. No. 37 at 3.)

Counsel maintains that his request is nonetheless reasonable, taking into account the fact that the fee agreement between him and LaPlant lawfully authorizes such an award; the inherent risk in representing parties on a contingency basis; Counsel's extensive experience and expertise; and the social policy behind contingent fees in Social Security cases.[1] (Dkt. No. 31-1 at 6.)

When evaluating a fee request under § 406(b), it is inappropriate for the Court to apply the lodestar method. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009). As the *Crawford* court explains, the lodestar "under-compensates attorneys for the risk they assume in representing [Social Security] claimants" and "ultimately works to the disadvantage of [Social Security] claimants who need counsel to recover any past-due benefits at all." *Id.* Instead, the Court looks first to the contingent-fee agreement, then tests it for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Id.*; *see also Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (finding reduction of fee award appropriate where counsel would "enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended"). However, "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003).

Here, LaPlant agreed to pay Counsel 25% of his past-due benefits, a typical arrangement in Social Security appeals. (Dkt. No. 31-1 at 1.) Given the benefits awarded, Counsel seeks fees of $21,737.25 for 16 hours of attorney time and 2.3 hours of paralegal time. (*Id.* at 1, 6.) This

---

[1] *See* 42 U.S.C. § 406(a)(5), (b)(2); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense.").

equates to an hourly rate of $1,187.83.

Admittedly, this hourly rate exceeds the rate awarded in some other Social Security cases across the country. *See, e.g.*, *Hearn*, 262 F. Supp. 2d at 1037-38 (awarding fees of $25,132.50 at a rate of $456.95 per hour); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1384 (S.D. Ga. 2002) (awarding fees of $6,554.12 at a rate of $350.49 per hour); *Martin v. Barnhart*, 225 F. Supp. 2d 704, 705-07 (W.D. Va. 2002) (awarding fees of $10,189.50 at a rate of $605.80 per hour); *Hussar-Nelson v. Barnhart*, 2002 WL 31664488 at *3 (N.D. Ill. Nov. 22, 2002) (awarding fees of $19,425.25 at a rate of $393.00 per hour). However, as the *Hearn* court makes clear, it is inappropriate to consider only the simple hourly rate in determining reasonableness.

Moreover, Counsel has been granted fee awards with similar or higher hourly rates in other cases in this district. *See, e.g.*, *Larsen v. Colvin*, C13-2018-MJP, Dkt. Nos. 29-1, 31 (W.D. Wash. Nov. 20, 2015) (awarding fees of $44,558.00 at a rate of $1,217.43 per hour); *Savidge v. Colvin*, C10-2020-RAJ, Dkt. Nos. 22-1, 24 (W.D. Wash. July 8, 2015) (awarding fees of $28,451.00 at a rate of $1,663.80 per hour); *Hart v. Astrue*, C10-5788-RBL, Dkt. Nos. 33-1, 35 (W.D. Wash. Mar. 26, 2014) (awarding fees of $33,000.00 at a rate of $1,650.00 per hour); *Kerrigan v. Astrue*, C09-0411-RAJ, Dkt. Nos. 29-2, 36 (W.D. Wash. June 30, 2011) (awarding fees of $33,702.75 at a rate of $1,446.47 per hour); *Estell v. Astrue*, C08-1161-JCC, Dkt. Nos. 23-2, 29 (W.D. Wash. Dec. 10, 2010) (awarding fees of $22,951.00 at a rate of $1,261.04 per hour). Thus, the high hourly rate of which the Commissioner complains, (*see* Dkt. No. 37 at 3), does not persuade the Court that the amount requested is unreasonable.

Both parties cite *Brown v. Astrue*, 2010 WL 605301 (W.D. Wash. Feb. 19, 2010), which the Court finds instructive. In *Brown*, the parties similarly stipulated to a remand for further proceedings and the plaintiff received a favorable outcome. *Id.* at *1. Counsel requested fees of $15,767.00—25% of the past due benefits—for 11.55 hours of attorney time. *Id.* at *7. The Court noted that the amount requested would result in a fee equivalent to 4.65 times counsel's hourly rate for non-contingent cases. *Id.* at *10. Because the case was not particularly complex

ORDER ON MOTION FOR ATTORNEY FEES
PAGE - 3

<mark>Case 2:14-cv-01143-JCC   Document 41   Filed 03/02/17   Page 4 of 5</mark>

and the administrative record was not particularly long, the Court determined that a downward adjustment was appropriate. *Id.* at *7, 10. The Court reduced the amount to $10,000.00, or 2.95 times counsel's hourly rate for non-contingent cases. *Id.* at *10.

Here, Counsel's fee request is equivalent to 3.23 times the hourly rate for non-contingent cases.[2] Considering this similarity to the multiplier in *Brown*, as well as the fee agreement in this case, the risk assumed by Counsel in representing LaPlant on a contingent basis, and the numerous similar awards granted to Counsel in this district, the Court concludes that no windfall exists and the amount of fees requested is reasonable as to the attorney hours.

As to the paralegal hours, however, the Court does not find it appropriate to apply the 3.23 multiplier. *See Chandler v. Sec'y of Dep't of Health and Human Servs.*, 792 F.2d 70, 73 (6th Cir. 1986) (awarding paralegal fees under § 406(b) but only at paralegal rates); *Roark v. Barnhart*, 221 F. Supp. 2d 1020, 1026 (W.D. Mo. 2002) (declining to award fees for hours worked by paralegal); *Jimenez v. Astrue*, 2008 WL 2684619 at *1, 3 (C.D. Cal. July 8, 2008) (finding hourly rate of $366.95 for paralegal services reasonable where total fees request amounted to less than 12.5% of past-due benefits award).

Accordingly, the motion for fees (Dkt. No. 31) is GRANTED in part. The Court AWARDS Counsel the amount sought for attorney hours at a 3.23 multiplier: $21,172.65. However, the Court declines to apply the 3.23 multiplier to paralegal hours and awards only the amount actually incurred: $172.50. Together, this amounts to a § 406(b) award of $21,345.15. The Court further ORDERS Counsel to reimburse LaPlant the amount of $3,213.43, the attorney fees LaPlant paid counsel under the Equal Access to Justice Act, 28 U.S.C. § 2412. (*See* Dkt. No. 30 at 1; *see also* Dkt. No. 31-2 at 1; Dkt. No. 37 at 6.)

//

---

[2] Lead counsel Robert Friedman, whose non-contingent hourly rate is $450.00, worked 3.1 hours. (Dkt. No. 40 at 3, 5 n.1.) Attorney Eric Schnaufer, who also provided legal services on this case, charges $400.00 per hour and worked 12.9 hours. (*Id.*) The paralegal's hourly rate is $75.00. (*Id.* at 3.) Thus, the fees incurred on a non-contingent basis amount to $6,727.50.

<mark>ORDER ON MOTION FOR ATTORNEY FEES
PAGE - 4</mark>

1    DATED this 2nd day of March, 2017.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR ATTORNEY FEES
PAGE - 5